BERNARDO TAVARES *vs.* ARDELIA C. DEWING.

JULY 5, 1916.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   New Trial.   Credibility of Witnesses.*

The credibility of witnesses is particularly a question for the jury, and after a verdict and its approval by the trial court, an Appellate Court cannot say that the testimony of a witness is not entitled to belief and disregard it.

*(2)   Master and Servant.   Negligence.   Proper Appliances.   Duty to Warn Servant.   Knowledge.*

In a personal injury action where the declaration alleged negligence by reason of failure of defendant to warn plaintiff of the dangers incident to bailing out water by means of a pail from the bilge of a boat near a rapidly revolving shaft, evidence as to the presence on the boat of a power bilge pump and

that it had for a long time been out of repair and evidence in regard to a hand bilge pump formerly on the boat which had been lost before the time of the injury, and that the loss of the hand pump had been brought to the attention of defendant's superintendent, was properly admitted, notwithstanding the fact that the declaration did not allege such facts as breaches of duty by defendant, for it appeared in evidence that if the power pump had been in proper condition or if there had been a hand pump on board it would not have been necessary to bail by hand and defendant must be held to have known that a power pump was installed on the boat and that a hand pump had formerly been among its furniture, and with these appliances the duty to warn plaintiff would not arise, but if they were not available then the work must be carried on by hand, and if these conditions had existed so long that knowledge of them should be imputed to defendant, then she would be bound to know that any of the crew might be set to work to bail out the water by hand near the shaft and the duty would arise to warn an inexperienced man of dangers not obvious to him, and whether or not the captain's knowledge should be imputed to defendant, plaintiff should be permitted to show actual or constructive knowledge on the part of defendant of the conditions necessitating the removal of the water by hand.

*(3)　Improper Remarks of Counsel.　Exceptions.*

Improper remarks of counsel cannot be brought up on exceptions, but only upon exception to the refusal of the court to instruct the jury to disregard them.

*(4)　Master and Servant.　Proper Appliances.　Knowledge.*

While a defendant should be permitted to show that he did not know his agent had put an inexperienced servant to perform work where the danger was not apparent, without warning him of the danger, and also that he was not notified that certain appliances designed for such work were either out of order or missing, in order to show the actual knowledge of the defendant, the refusal of the court to permit defendant to introduce this evidence cannot be regarded as reversible error where it appeared that such appliances had been out of order or missing for a number of months, for the jury would be warranted in finding that defendant had constructive knowledge of these conditions and his testimony that he had no actual knowledge is not an excuse.

TRESPASS ON THE CASE for negligence.　Heard on exceptions of defendant and overruled.

SWEETLAND, J.　This is an action of trespass on the case to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.

The case has been tried three times before a jury and has been three times before this court upon exceptions.　The first trial before a jury in the Superior Court resulted in the nonsuit of the plaintiff.　This court, on exceptions, set aside

the decision of nonsuit and ordered a new trial (33 R. I. 424). The second trial before a jury resulted in a verdict for the plaintiff for thirteen thousand dollars. On motion of the defendant the justice presiding in the Superior Court granted a new trial. The action of said justice was sustained by this court. On the third trial before Mr. Justice Brown of the Superior Court sitting with a jury, a verdict was rendered for the plaintiff for four thousand dollars. On motion for a new trial said verdict was approved by the justice presiding. The case is now before us upon the defendant's exception to the decision of said justice on the motion for a new trial and on exceptions to certain rulings made by said justice in the course of the trial.

The facts of the case are very fully set forth in the opinion heretofore rendered by this court in *Tavares v. Dewing*, 33 R. I. 424. It is sufficient now to say that, at the time of the alleged injury, the defendant was the owner of a gasoline motor boat, named the "Mary Lou," in command of a captain, which the defendant used on the Providence River and Narragansett Bay in connection with her oyster business; that the plaintiff was employed on said boat as a servant of the defendant; that on the morning of the second day of such employment and while said boat was proceeding down the bay with its machinery in motion, the plaintiff was engaged in bailing water from the bilge through an opening in the floor of the cabin of said boat; that in said bilge, beneath said flooring, and adjoining said opening, was a rapidly revolving shaft which at that place was surrounded by a coupling bolted to two sections of said shaft. The plaintiff was bailing said water by means of a small pail which he held in one hand and put down through said opening into the water near said shaft. He then poured the water so bailed into a larger pail standing on the floor of the cabin. The water thus collected in the larger pail was carried to the deck and thrown overboard. The flooring of said cabin, upon which the plaintiff was standing, was greasy and slippery. While the plaintiff was so engaged his right foot

slipped from the flooring into said opening, against said shaft or coupling and he was severely injured. It became necessary to amputate a portion of his right leg. The plaintiff alleges and sought to prove at the trial that he was bailing the water in this manner at the command of said captain; that he was in the exercise of due care; that he was wholly unacquainted with machinery; that at the time he was so engaged the light was dim in said cabin; that he was ignorant of the presence of the rapidly revolving shaft in said opening; that the risk was not obvious to him; that he had no knowledge or appreciation of the danger involved in the situation; that the defendant through her said captain knew or but for the want of reasonable care would 'have known that the plaintiff was unacquainted with machinery and ignorant of said danger; and that it was the duty of the defendant through her said captain to warn the plaintiff of the presence of said shaft, of the danger of bailing said water in the manner stated and of the danger which might result from slipping from the flooring and into said opening.

The defendant contends that the plaintiff at the trial entirely failed to establish the aforesaid allegations by a fair preponderance of credible evidence and that the defendant's motion for a new trial should have been granted. She puts great reliance upon her claim that the plaintiff's own testimony is entirely unreliable and urges that we should disbelieve and ignore his testimony which she characterizes as a "tissue of fabrications and contradictions." This (1) constitutes an attack upon the credibility of the plaintiff as a witness, and is based in a measure upon the contradiction of his testimony by that of witnesses for the defendant. The credibility of witnesses is particularly a question for the determination of the jury. From the nature of the requests to charge presented by defendant's attorney at the close of the trial, we may assume that undoubtedly said attorney in his argument brought this matter strongly to the attention of the jury. And said justice specially charged the jury as follows: "3. If you find that the plaintiff delib-

erately testified falsely regarding one or more matters which he made a part of his case, then a presumption arises against his veracity, and every other statement which he made in his testimony should be scrutinized with the greatest care;" and said justice also instructed the jury as follows: "4. If you find that the plaintiff was mistaken in some portions of his testimony, you should scrutinize the rest of his testimony to the end that you may find other mistakes, if any such were made." It thus appears that if the jury erred in regarding the testimony of the plaintiff as entitled to weight and credence it was after the matter had been brought to their attention and they had been properly instructed in regard to it. After an examination of the evidence we are obliged to draw the conclusion from their verdict that the jury considered the testimony of the plaintiff as entitled to belief upon the essential issues in the case. In refusing to set the verdict aside the justice presiding must be held to have given his approval to that determination of the jury. We would be entirely unwarranted in saying, that notwithstanding the verdict of the jury and the approval of that verdict by the trial court, we will treat the testimony of the plaintiff as not entitled to belief and will disregard it.

The evidence upon the issues in the case is conflicting. Two juries have found in favor of the plaintiff. After reading the entire transcript we cannot say that the justice committed error in denying the defendant's motion for a new trial.

The defendant has brought before us a number of exceptions to rulings of said justice admitting testimony as to the presence on said boat of a power bilge pump, designed to pump the water from the bilge of said boat; and admitting testimony as to the fact that said power pump for a long time before the plaintiff's injury had been out of repair (2) so that it could not be used at all times; and admitting testimony in regard to a hand bilge pump that had formerly been on said boat, but which had been lost overboard a long time before the date of the plaintiff's injury; and also admitting testimony that the loss of said hand pump had

been brought to the attention of defendant's superintendent and general agent, but that said pump had not been replaced by a new hand pump. It appeared in evidence that if said power bilge pump had been in proper condition or if there had been a hand bilge pump on said boat on the day of plaintiff's injury it would not have been necessary to resort to the operation of bailing out said bilge water by hand; further it was in evidence, and it is apparent, that water may be removed from the bilge of said boat by a power or hand bilge pump without risk of injury to any person from said revolving shaft or coupling.

The defendant has also brought before us her exceptions to the refusal of said justice to instruct the jury, as requested by her, that under the allegations of the declaration the jury should not consider any evidence as to the lack of repair of said power pump or the absence of a hand pump. In our opinion all of these exceptions of the defendant are governed by the same principle and we will consider them together.

The defendant contends that the evidence in question should have been excluded because the facts that the power pump was out of repair and that there was no hand pump on the boat are not alleged in the declaration as breaches of duty by the defendant and hence those matters are immaterial to the issue raised by the pleadings, which is: that the defendant was guilty of negligence by reason of her failure to warn the plaintiff of the dangers incident to bailing out the water with a hand pail in the manner described above. That was the sole issue raised by the pleadings; but it is a fundamental principle that the master's duty to warn the servant is dependent on the master's knowledge of the danger. The master is bound to know the normal condition of his premises. The defendant must be held to know that a power pump was installed upon her boat, that a hand pump had formerly been among its furniture. With these appliances the water might be removed from the bilge without danger to the crew arising

from the revolving shaft or coupling and the duty to warn the plaintiff would not arise. If these appliances were not available then the work of removing the water from the hold, necessary for the navigation of the boat, must be carried on through the opening in the floor near said revolving shaft. If these conditions had existed so long that knowledge of them should be imputed to the defendant, then she would be bound to know that any one and all of the crew, in the ordinary navigation of said boat, might be set to work to bail out the water near the revolving shaft; and the duty would clearly arise in her to warn an inexperienced man of dangers not obvious to him. Whether or not the captain's knowledge of such conditions should be imputed to the defendant, the plaintiff should be permitted to show actual or constructive knowledge on the part of the defendant herself of the conditions upon said boat which necessitated the removal of water through the opening in the floor of the cabin. If the jury found that the defendant knew of these conditions, and that the plaintiff was inexperienced, and that the danger was not apparent then the defendant would surely be charged with the duty a breach of which is alleged in the declaration. Said requests for instructions to the jury were also properly refused.

(3) The defendant also relies upon what she claims is an exception to a statement made by counsel for the plaintiff in the presence of the jury. The so-called exception appears to have been the contradiction of a statement of fact made by the plaintiff's counsel rather than an exception, but in either view of it the matter is not before us. In *State* v. *Farr*, 29 R. I. 72, and in a number of cases following that, we have held that improper remarks of counsel cannot be brought here upon exception taken thereto, but only upon exception to the refusal of the trial court to instruct the jury to disregard such remarks.

The defendant also urges what he claims is an exception to the refusal of the court to strike out a statement made by plaintiff's counsel. His exception appears on page 13 of the

transcript. The ruling of the court was not a refusal to strike out any part of a statement of counsel, but was a refusal to strike out an answer of a witness appearing upon page 8 of the transcript. The ruling of the court was proper.

The defendant also urges before us her exceptions to the refusal of the trial court to permit her to show that she did not know that the captain was having the boat bailed out by hand pail and also that she was not notified that the bilge pump was out of order and that there was no hand pump on the boat. We think the trial court properly might have permitted the defendant to introduce this evidence as tending to show her actual knowledge of the conditions in question; but we cannot regard these rulings as reversible error for the power pump had been out of order and the boat had been without a hand pump for a number of months and the jury would be well warranted in finding, as they must have done, that the defendant had constructive knowledge of these conditions and her testimony that she had no actual knowledge of them entirely fails to excuse her alleged breach of duty.

(4)

From an examination of the requests by the defendant for instructions to the jury which said justice either refused to give or modified we are of the opinion that said refusals and modifications were not erroneous.

The other of the defendant's exceptions are without merit and require no special discussion.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment for the plaintiff on the verdict.

*A. B. Crafts*, for plaintiff.
*Nathan W. Littlefield*, for defendant.